A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. §1983

CIV. - PAINE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE
SORRENTINO

# 96-10143

_Jason Wilson (AKA James_ )

_Dudley Wilson_ )

_____ )

_____ )

FILED by ___ D.C.
INTAKE

DEC 1 6 1996

CARLOS JUENKE
CLERK, U.S. DIST. CT
S.D. OF FLA. · MIAMI

(Enter above the full name of the
plaintiff or plaintiffs in this )
action.)

v. )

_Sully R. Roth, Richard Fowler, Fred A_ )

_DeFurie, Kirk Zuetch, Austin Carson, Merc_ )

_Reasons, Richard Roth, Col Rochell, Bob Voss,_ )

_Richard Heller  Brad Cruske_ )

Cat/div __BKeyWest__
Case # __96CV10143__
Judge __JCP__    Mag __cho__
Motn Hp __/__   Fee pd $ ___
Receipt # ___

(Enter above the full name of the
defendant or defendants in this
action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983

This packet includes four copies of a complaint form and two copies of a forma pauperis petition. To start an action you must file an original and one copy of your complaint for each defendant you name and one copy for the court. For example, if you name two defendants, you must file the original and three copies of the complaint. You should also keep an additional copy of the complaint for your own records. All copies of the complaint must be identical to the original.

The clerk will not file your complaint unless it conforms to these instructions and to these forms.

Your complaint must be legibly handwritten or typewritten. The plaintiff or plaintiffs must sign and swear to the complaint. If you need additional space to answer a question, you may use the reverse side of the form or an additional blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless they are all related to the same incident or issue.

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 120.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauparis. Two blank petitions for this purpose are included in this packet. One copy should be filed with your complaint; the other copy is for your records. After filling in the petition, you must have it notarized by a notary public or other officer authorized to administer an oath.

You will note that you are required to give facts.   THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.

When these forms are completed, mail the original and the copies to the Clerk of the United States District Court for the Southern District of Florida, 301 North Miami Avenue, Miami, Florida 33128-7788.

I.   Previous Lawsuits

    A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
                                     Yes ( ✔ )   No ( )

    B.   If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.   Parties to this previous lawsuit

           Plaintiffs:   _JASON WILSON AKA. James Dudley_

           _Wilson_

Defendants: _Stacy A Parr, Richard J Fowler, Frederick A._

_Defuria, Kirk Zudch, Anita Carson, Neil Robbins, Richard_
_Roth, Ed Recherre, Bob Voss, Richard Heber, Brad Grobe_

2. Court (if federal court, name the district; if state court, name the county): _____

_Southern District of Florida_

3. Docket number: _96- CV- 10044 ( copy Enclosed )_

4. Name of judge to whom case was assigned: _Judge_
_SHELBY HIGHSMITH_

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):

_Dismissed without Prejudice   16 day on_

_Sept. 1996 ( copy Enclosed ) Pursuant Heck v. Humphrey_

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _16 Sept 1996_

II. Place of present confinement: _Walton Correctional Institution_

_P.o Box 1386 Defuniak Springs, Florida 32435 (904) 892-6141_

A. Is there a prisoner grievance procedure in this institution?

Yes ( ✓ )   No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes ( )   No ( ✓ )

C. If your answer is YES:

1. What steps did you take? _N/A_

_____

_____

2. What was the result? _N/A_

_____

D.   **If your answer is NO, explain why not:** _Complaint is_ _against Monroe County officials and Residents / no_ _Record to prison conditions_

## III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same additional plaintiffs, if any.)

A.   Name of plaintiff _Jesse Wilson AKA James Dudley Wilson_

Address _P.O. Box 1386 Walton Correctional, Defuniak Springs, Fla._ _32435_

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B.   Defendant _Sally Ann PARR_

is employed as _State Attorneys office 16th Judicial_

at _302 Fleming Street, Key West, Florida 32435_

C.   Additional Defendants: _Richard Fowler, Circuit Judge, 500 Whitehead St._ _Key West / FRED A. DUFicia RET Judge PO 25 Long Ba? Key Fl / Kirk Zuelch State_ _Atty. 302 Fleming St. Key West / Anita Carson and Neil Rubbens Rt 3 Box_ _2230 Roselane Big Pine Key, Fl / Richard Roth, Ed Rechelle, BoB_ _Voss, Richard Heber, 5505 College Rd, Key West / Bud_ _Brooke Probation and Parole Monroe County, Florida_

## IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not

give any legal arguments or cite any cases or statutes. If
you intend to allege a number of related claims, number and
set forth each claim in a separate paragraph. (Use as much
space as you need. Attach extra sheet if necessary.)

See Preliminary Statement, (Pg 1) Parties (Pg 2-3)
Facts (PG 3-11) Claims For Relief (PG 11-12)
of Attached Typewritten Civic Rights Complaint
— Also see Typewritten Memorandum of Law
(Pgs 1-13) to include Exhibit List A-1 - A-3
I - XXXVI (1-36)

V. Relief

State briefly exactly what you want the court to do for you.
Make no legal arguments. Cite no cases or statutes.

See Relief Requested (Pg. 12-13) of Typewritten
Civic Rights Complaint.

_____
_____
_____
_____
_____
_____
_____
_____

Signed this _____5_____ day of ____December____, 19 _96_

_____
_____

**(Signature of plaintiff
or plaintiffs)**

## VERIFICATION

State of _____Florida_____ )

County of _____Walter_____ )

_____Jason Wilson_____, being first
duly sworn, under oath, says:  that he is the plaintiff in this
action and knows the content of the above complaint;  that it is
true of his own knowledge, except as to those matters that are
stated in it on his information and belief, and as to those
matters he believes to be true.

_____
**(Signature of affiant-plaintiff)**

Subscribed and sworn to before me
this _5th_ day of _December_,
19_96_.

_____

LILA ANN CLARK

( ) PERSONALLY KNOWN (OR)
(✓) PRODUCED IDENTIFICATION
TYPE OF IDENTIFICATION PRODUCED
_____

Lila Ann Clark
MY COMMISSION # CC529693 EXPIRES
March 21, 2000
BONDED THRU TROY FAIN INSURANCE, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CIV - PAINE**

MAGISTRATE J----
SORRENTI

JASON WILSON,                                    )
  A.K.A. JAMES DUDLEY WILSON,                )
               Plaintiff,        )
                         )
                         )   CASE NO **96-10143**
  -against-                                      )
                         )
                         )   CIVIL RIGHTS COMPLAINT
SALLY A. PARR, RICHARD J. FOWLER,     )
FREDERICK A. DEFURIA, KIRK ZUELCH,    )
ANITA CARSON, NEIL RUBBENS, sued       )
in their individual capacity:          )   JURY TRIAL DEMANDED
RICHARD ROTH, ED ROCHELLE, BOB         )
VOSS, RICHARD HEBER AND BRAD           )
GRASKE, sued in their individual       )
and official capacity,                 )
               Defendants.      )
_____/

FILED by [initials] D.C.
INTAKE
DEC 1 6 1996
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## P R E L I M I N A R Y   S T A T E M E N T

    This is a Civil Rights Action filed by **JASON WILSON**, a pro-se Florida State Prisoner, for damages and injunctive relief under 42 USCA 1985, 42 USCA 1986, 18 USCA 241, 18 USCA 242, 18 USCA 1503, and 18 USCA 1621 alleging conspiracy, obstruction of justice, deprivation of rights under the color of law, perjury, conspiracy to interfere with Civil Rights, depriving person of Rights and Priviledges, and Action for neglect to prevent, in violation of the Fifth, Sixth, and the Due Process clause of the Fourteenth Amendment to the United States of America Constitution. The Plaintiff also alledges the torts of all included violations named.

## J U R I S D I C T I O N

(1) The **COURT** has Jurisdiction over the Plaintiff's claims of violation of Federal Constitutional rights under 42 USCA §1985 and §1986, 18 USC §241, §242, §1503, and §1621.

(2) The **COURT** has Supplemental Jurisdiction over the Plaintiff's state law tort claims under 28 USC §1367.

## P A R T I E S

(3) The Plaintiff, **JASON WILSON**, was incarcerated at Monroe County Dentention Facility, Stock Island, Key West, Florida during the events described in this complaint.

(4) Defendant **Sally A. Parr is** Assistant State Attorney Chief of Felony Division for the 16th Judicial Circuit in and for Monroe County, Key West, Florida.  She is sued in her individual capacity.

(5) **KIRK ZUELCH** is the State Attorney for the 16th Judicial Circuit in and for Monroe County, Key West, Florida. He is sued in his individual capacity.

(6) **Richard J. Fowler** is Circuit Court Judge for the 16th Judicial Circuit in and for Monroe County, Key West, Florida.  He is sued in his individual capacity.

(7) **Frederick A. DeFuria** is a retired County Court (VCO) Judge from the Sarasota County, Florida.  He is sued in his individual capacity.

(8) **Brad Graske** is a probation officer for the Department of Corrections for the State of Florida, Monroe County. He is sued in his individual capicity.

(9)   **Bob Voss** is a detective for the Monroe County Sheriff's Department, Florida.   He is sued in his official and individual capacities.

(10)  **Ed Rochelle** is a detective for the Monroe County Sheriff's Department, Florida.   He is sued in his official and individual capacities.

(11)  **Richard Heber** is a detective for Monroe County Sheriffs Department, Florida.   He is sued in his official and individual capacity.

(12)  **Richard Roth** is the Sheriff of Monroe County, Florida. He is sued in his official and individual capacity.

(13)  All of the above named Defendants have acted, and continue to act under the color of State Law at all times relevant to this complaint.

(14)  **Anita Carson** is a private citizen residing in the State of Florida.   She is sued in her individual capacity.

(15)  **Neil Rubbens** is a private citizen residing in the State of Florida.   He is sued in his individual capacity.

## F A C T S

(16)  On December 27, 1994 the Plaintiff, **Jason Wilson** was arrested while he was a patient at Fisherman's Hospital, Marthon, Florida, Monroe County.

(17)  Plaintiff was charged with one (1) count of Burglary of a dwelling while armed or with assult or battery on occupant(s), FS 810.02 (F1 - PBL) and two (2) counts of attempted First Degree Murder-Premeditated, F.S. 782.04

and F.S. 777.04 (F1)

(18) Plaintiff was transported to Monroe County Detention Facility on Stock Island, Key West, Florida on Dec. 27, 1994.

(19) Plaintiff's Bond was set at Five hundred thousand dollars. ($500,000.00)

(20) Plaintiff was arraigned in the 16th Judicial Circuit in and for Monroe County, Florida in Key West at which time Plaintiff entered a plea of not guilty on January 17, 1995.  Plaintiff demanded a trial by Jury.

(21) All pre-trial motions and hearing were presided over by Judge Richard J. Fowler, cc, in the 16th Judicial Circuit.

(22) Plaintiff appeared before a Jury trial on the dates of June 27-29, 1995.

(23) The Jury returned a guilty verdict in one (1) charge of attempted First Degree Murder-Premeditated, a lesser included offense of Aggravated Battery FS 784.045 (F2). and a lesser included offense of Armed Trespass 810.08 (F3).

(24) The Plaintiff had no prior record, Juvinile or Adult.

(25) Plaintiff was sentenced to (169) one hundred and sixty nine months in the Department of Corrections in the State of Florida on August 11, 1995.

(26) Plaintiff maintained his innocence at sentencing.

(27) Plaintiff moved to appeal his conviction.

(28) Demand For Discovery by Defense was made Feb. 3, 1995. Further Demand was made May 15, 1995.

-4-

(29)  Assistant State Attorney, Prosecutor **Sally A. Parr** withheld
      evidence until one day before Jury trial.

(30)  Detective **Ed Rochelle,** Monroe County Sheriff's Department
      delivered an incomplete set of tapes to Plaintiff's
      Attorney **Nancy Rossell** on May 22, 1995.

(31)  One and one half week prior to trial, **Det. Rochelle**
      again delivered an incomplete set of tapes to Plaintiff's
      Attorney **Nancy Rossell.**

(32)  **Det. Rochelle** led **Mrs. Rossell** to believe that he had
      completed discovery demands.

(33)  **Det. Rochelle** did not deliver the 911 tape to **Mrs. Rossell.**

(34)  **Prosecutor Parr** summoned **Mrs. Rossell** to the State
      Attorney's Office on June 26, 1995 at 5:00 p.m. to inform
      her that she had found a 911 tape that the State would
      enter into evidence at trial.

(35)  **Prosecutor Parr** informed **Mrs. Rossell** that she was also
      in possession of newly found photographs at that time.
      (June 26, 1995 @ 5:00 p.m.)

(36)  The 911 tape was alledged to be made by one of the victims,
      **Mr. Neil Rubbens.**

(37)  People's voices on the 911 tape were not identified
      by victim **Neil Rubbens.**

(38)  The transcript of the tape was not an accurate version
      of the tape. It is highly edited.

(39)  **Prosecutor Parr** attempted to enter photographs at trial,
      Judge denied.

(40)  The tape alledgedly made by victim **Neil Rubbens** was

entered as evidence for the State.

(41) **Judge Frederick A. DeFuria** states he had a hard time hearing the tape.

(42) **Judge Frederick A. DeFuria** states the 911 tape is slightly cumulative.

(43) Plaintiff's voice is not on the alledged 911 tape made by victim **Neil Rubbens.**

(44) Victim **Neil Rubbens** stated an ex-boyfriend broke or snuck into their house, but I forgot which one.

(45) **Prosecutor Parr** states Plaintiff fled downstairs first.

(46) Affidavit for arrest warrant by victim **Anita Carson** states Plaintiff fled downstairs second in pursuit of her.

(47) **Anita Carson** testified at trial that Plaintiff fled first.

(48) **Det. Rochelle** testified that in his opinion the victim, **Anita Carson** fled downstairs first, with the Plaintiff in pursuit second.

(49) **Anita Carson** (victim) testified that neither her nor the other victim, **Neil Rubbens** went outside to draw the attention of the police.

(50) **Deputy Lawrence Benson** of the Monroe County Sheriff's Department (officer at the alledged crime scene) testified that victims **Anita Carson** and **Neil Rubbens** were standing in the road (Rose Lane) flagging down when he arrived.

(51) **Dep. Benson** testified he moved crime scene evidence.

(52) **Dep. Benson** testified he put alledged machete in his car, then moved it back inside residence.

(53) After the testimony of two (2) witnesses, **Prosecutor Parr** gave the official clerk of the trial a list of lesser included offenses to be transcribed with applicable Jury Instructions.

(54) **Det. Rochelle** testified that Plaintiff stated during arrest that victim **Anita Carson** came at Plaintiff with a meat cleaver.

(55) Victim **Anita Carson** testified she does not own a meat cleaver.

(56) Victim **Anita Carson** testified that she owned (2) two machetes.

(57) **Prosecutor Parr** testified that State witness **Donna Church** identified Plaintiff's hat.

(58) **Donna Church** testified she does not remember a hat.

(59) State witness **Nadine Nelson** testified that an unstable individual lived in her yard next door to the victim's house.

(60) **Nadine Nelson** identified the individual to be one **Stanley Wilder**.

(61) **Stanley Wilder** was never seen after the night of the alledged crime.

(62) **Stanley Wilder** could not be found for questioning.

(63) **Detectives Rochelle, Heber, and Voss** testified about the arrest scene of the Plaintiff.

(64) All three (3) versions contradicted the other.

(65) **Judge DeFuria** states he will consider declaring a mistrial, because things are taking longer than expected, and

he must leave town Friday, June 30, 1995.

(66) Victim **Neil Rubbens** testifies he had heard Plaintiff's voice on answering tape recorder many times.

(67) **Neil Rubbens** testifies the Plaintiff did not leave messages on the answering tape recorder.

(68) **Det. Rochelle** testified two (2) tests were done on Plaintiff's pocket knife, with no traces of blood found from either test.

(69) **Det. Rochelle** testified that both victims put their hands on Plaintiff's leather jacket during altercation downstairs.

(70) **Det. Rochelle** testified that no test were done for fingerprints or blood on the Plaintiff's leather jacket.

(71) **Det. Rochelle** testified that Plaintiff's clothes were confiscated as evidence to be tested.

(72) **Det. Rochelle** testified that no test were done on Plaintiff's clothes.

(73) **Det. Rochelle** testified that there were Red stains on a Bandana found.

(74) **Det. Rochelle** testified these red stains were not analized.

(75) **Det. Rochelle** testified a man suspect was chased into adjacent woods by a Deputy and a K-9 Police Dog.

(76) **Det. Rochelle** testified that the Deputy was close enough to determine the suspect had dark hair.

(77) **Det. Rochelle** testified that this incident took place in the dark.

(78) **Det. Rochelle** testified that although the Deputy was close enough to determine hair color, the suspect evaded

the Deputy and a Police Dog.

(79)  **Det. Rochelle** testified the suspect was no longer pursued.

(80)  **Det. Rochelle** testified that the victims delivered their clothes they were alledgedly wearing the night of the alledged crime to his office December 29, 1995, six (6) days after the alledged crime.

(81)  **Det. Rochelle** testified he did not know where the clothes had been kept.

(82)  **Det. Rochelle** testified he did not know who had been in contact with the clothes.

(83)  **Det. Rochelle** testified that seven (7) pages of evidence was collected and available for testing.

(84)  **Det. Rochelle** testified that he did not order testing or anelization of the Plaintiff's or the victim's clothes, or any other evidence collected.

(85)  **Det. Rochelle** testified a few tests were done and nothing could be linked to the Plaintiff.

(86)  **Det. Rochelle** testified that testing was stopped on all of the remainder of the seven (7) pages of evidence.

(88)  **Det Rochelle** testified he did not know who had ordered the testing stopped.

(89)  **Prosecutor Parr** testifies that **Neil Rubbens** identified Plaintiff's voice on the 911 tape.

(90)  Plaintiff's voice was not on the 911 tape.

(91)  **Prosecutor Parr** testifies that all three (3) crimes are specific intent crimes.

(92)  **Judge Frederick A. DeFuria** states machete could have

been used for an Instrument of Death, but was not.

(93) **Prosecutor Parr** withheld information from the Trial Court that she possessed.

(94) **Prosecutor Parr** testified the Jurors did not understand the Jury instructions.

(95) **Prosecutor Parr** stated in a letter to the Florida Bar dated November 22, 1995 that the Juror could not decide when the intent to commit the crime was formed.

(96) **Prosecutor Parr** testified she talked to one of the Jurors who did not understand the Jury instructions.

(97) In a letter dated December 6, 1995, **Prosecutor Parr** stated "she has no idea which Juror called."

(98) At sentencing on August 11, 1995, **Prosecutor Parr** testified "**he** did not understand, even after I explained it again."

(99) **Prosecutor Parr** was in possession or the Voir Dier and Trial Transcript on December 6, 1995.

(100) **Prosecutor Parr** testified the Jury came back with a lesser included charge, **simply** because they did not understand what it took to find the Plaintiff guilty on the **regular** offense.

(101) **Judge DeFuria** was first informed at sentencing by **Prosecutor Parr** that the Jurors did not understand the Jury Instructions.

(102) During sentencing **Prosecutor Parr** asked the Judge for a sidebar discussion.

(103) **Prosecutor Parr** testified to the existance of two (2) outstanding warrants against the Plaintiff.

(104) The Probation Officer **Brad Graske,** the person who prepared
the pre-sentence investigation report, was challenged
to show verification or documentation by **Mrs. Rossell.**

(105) **Brad Graske** could not and did not verify or show any
documentation to substantiate the claims by **Prosecutor
Parr.**

(106) **Prosecutor Parr** further stated she had been in contact
with the victims on a regular basis.

(107) **Prosecutor Parr** then stated the victims cannot be found.

(108) **Defense Attorney Nancy Rossell** pointed out to **Judge
DeFuria** there was no basis for **Prosecutor Parr's**
allegations, and this comment was made to influence
the Judge's sentencing decision.

## C L A I M S   F O R   R E L I E F

(109) The actions of **Sally Parr, Ed Rochelle, Bob Voss, and
Richard Heber** were done maliciously with intent and
conspiracy, prejury, obstruction of Justice, and with
deliberate intention to deny Plaintiff due process,
in violation of the 5th, 6th and the Due Process Clause
of the 14th Amendment to the United States Constitution.
Defendants acted under the Color of Law.

(110) **Sally Parr and Brad Graske** acted maliciously by conspiring
to obstruct justice and enter false evidence into a
criminal trial. Plaintiff's 5th , 6th and the Due Process
Clause of the Fourteenth Amendment were violated.
Defendants acted under the Color of Law.

**Carson, Rubbens, Roth, Voss, Heber and Graske** violated the Plaintiff's 5th , 6th and Due Process Clause of the 14th Amendment to the United States Constituton and constitued total acquittal of convictions and payment of monitary damages incurred by the Plaintiff, Compensatory and Punitive.

B.  Issue a Mandatory Injunction to Assistant State Attorney **Sally Parr** that would prevent her and/or her office from continuing to withhold exculpatory evidence that has twice been requested via Florida Statutes 119.07 by the Plaintiff.

C.  **Issue a Mandatory Injunction Ordering State Attormey's Office to produce documents, tapes, and all tangible evidence in possession of State Attorney's Office to Plaintiff immediately.**

D.  Award compensatory damages in the following amounts:

1.  Seven hundred and Fifty dollars ($750.00) per week beginning on date of arrest December 27, 1994 for real wages or earned income lost by Plaintiff, to be tolled until Plaintiff's date of release. As of March 22, 1996, 455-days or 65-weeks. Amount at $750.00 per week Forty eight Thousand seven hundred and fifty dollars. ($48,750.00) Toll further time incarcerated from March 23, 1996 through release date.

E.  Award punitive damages in the following amounts:

1.  Whatever amount the **COURT** deems worthy to the Plaintiff.

F.  Grant such other relief as it may appear that Plaintiff is entitled.

Respectfully submitted,

JASON WILSON, 546478/D1-148L
a.k.a. James Dudley Wilson
Walton Correctional Institution
P.O. box 1386
DeFuniak Springs, Florida 32433

CIV - PAINE
MAGISTRATE JUDGE
SORRENTINO

M E M · O · R · A · N · D · U · M

96-10143

42 USCA 1986 for "knowledge" of the Law, and the duty sworn by written Oath per Florida Statute 27.181(2) and Article V section XVII of the Florida Constitution, the neglect to bring to the **Trial COURT'S** immediate attention, fact that the Jurors **could not decide when** the intent was formed to commit the crime.  This was communicated to **Prosecutor Parr** via telephone. See Exhibit XXII (A), XXVI and VII   Intent being an essential element that must be proved beyond a reasonable doubt for a guilty conviction.  See Exhibit XXIII(E)   **Brady v. U.S.**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.   Exculpatory information, material to a Defendant's guilt or punishment, which government knew about but failed to disclose to Defendant in time for trial.  Defendant is denied due process if government suppresses such material.  See citation XV, XXIII(C)(G), and XXVII(C)

42 USCA 1985, The prosecutor acted in conjunction with the Trial Judge in furthering a conspiracy in that; the trial Judge erred and ignored the need for a hearing to determine exactly what was said, and when the conversation between the Prosecutor and the Juror took place and its effect on the Juror's decision.  See Exhibit VIII,XXIII(G) and XXVII(C)

Contamination by Extraneous Influences:   **Remmer v. U.S.**; 347 U.S. 227 (1955).   The Georgetown Law Journal (Criminal Procedure Project) Vol. 81, 1267 no. 4, April-May 1993 pg. 1323-4.... The Supreme Court held that any unapproved private

communication, contact, or tampering with a Juror during a criminal trial is presumptively prejudice. When such incidents occur, the trial COURT should determine the circumstances, the input thereof upon the Juror, and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate. See Exhibit XXI, VIII and XXIII(G)

**FURTHERMORE,** the Prosecutor **(Sally Parr)** lied to the Florida Bar during an investigation by The Bar into the conversation in which she admits took place during the Defendant's trial. See Exhibits XXII(A) and XXIII(G). **U.S. v. Williams,** 998 F.2d 258 (5th Cir. 1993) Prosecutor's suppression of evidence which would tend to exculpate Defendant or reduce his sentence violates Due Process. See Exhibit XVIII and XXVII(C).

In the Prosecutor's 2nd response to the Florida Bar, in a letter addressed to the Defendant, she states, "I have no idea which Juror called". See Exhibit XXII(B) In the sentencing transcript she states that; "He did not understand it". See Exhibit XXIII(G); this establishes that Prosecutor **Parr** does have an idea who the Juror was. She admits it's a man. There were four men and three women on the Jury. **(Robert Murrell** the Jury Foreman; **Peter Merz, David Demree and Edward Frampton.** The women were **Shirley Meissner,** Louis **Nemecek,** and the alternate Juror was **Lauren McAloon.** See Exhibit XXIII(I). 18USC 1501 et seq.; Obstruction of Justice.. See Exhibit XXIV(C).

One of the elements in attempted premedition is to determine **if** and **when** an **intent** was formed. An "attempt"

consists of two essential elements: **(1)** a specific intent to commit the crime, and **(2)** a seperate overt, ineffective act done towards its commission. **Groneau v. State**, 201 So.2d 599 (4th DCA 1967), **Robinson v. State**, 263 So.2d 595 (Fla. 3rd DCA 1972). The particular intent is essential to constitute the crime. **Groneau**, supra, at 602. See Exhibit IV and VI.

**THEREFORE**, THE Defendant was found guilty of one, 1st Degree premeditated attempted murder in Count #3, and one 2nd Degree Aggravated Battery, which was a lesser included offense of Count #2 of the original charge of 1st Degree Premeditated Murder. Both of these crimes involving intent as an essential element. See Exhibit XXIII(E). In Count #3, the Defendant was found guilty of a lesser included offense of Armed Tresspass, a 3rd Degree Felony. The Defendent was charged in Count #1 with Burglary, a 1st Degree Felony, punishable by life, and also with the essential element of intent as one that must be proved beyond a reasonable doubt for a guilty conviction. See Exhibit XXIII(E).

**THEREFORE**, according to the trial transcript, and the letter to the Florida Bar dated November 22, 1995; **Prosecutor Parr** states the Jurors **could not decide** when the Defendant formed the intent to commit the crime, and that the Jurors clearly did not understand the Jury instructions, "even after she explained it again", quote by **Mr. Parr**. See Exhibits XXII(A); XXIII(G).

**WHEREFORE**, all 3 crimes demanded a prerequisite of intent

formed.   The COURT allowed the 3rd degree lesser included
to stand; it being the lesser of the 1st Degree Burglary;
P.B.L., stating no intent formed.   All three crimes were charged
as one incident, so if the 1st and 2nd degree Felony with
the intent essential element stands, this is an inconsistent
verdict, where the 1st degree Burglary, P.B.L. was dropped
to a 3rd degree Felony with <u>no intent</u> as an element.   This
verdict is inconsistent and cannot stand.   See Florida Standard
Jury   Instructions;   Attempted   Premeditated   Murder   <u>782.04</u>
Aggravated   Battery   <u>784.045</u>   Armed   Tresspass   <u>810.08</u>   Burglary
(with an assault or Battery while armed).   <u>810.02.</u>   See Exhibit
XIV and XXX.

The Prosecutor, **Sally Parr**, acting under the Color of Law
for the State of Florida in and for the 16th Judicial Circuit
of Monroe County, withheld information from the trial COURT,
which violates Title 42 U.S.C.A 1986, (Action For Neglect
to Prevent)   18 USC 241.   **Conspiracy** to involve the Judge
(**Frederick A. DeFuria, V.C.O.)** and Juror(s) to  be named in
the violation of **Obstruction of Justice.**   See Exhibits XXV(A),
XXIV(C), XXIV(A) and XXVII(A)(B)(C).

**FURTHERMORE,** 18 USC 1621 <u>Perjury</u> in which the prosecutor
lied to her own governing body, the Florida Bar concerning
the identity of the Juror who called her. See Exhibits XXIV(D),
<u>XXII(B) and XXIII(G)(I)</u>   The State Attorney's Office is and
was in possession of the trial transcripts at the time of
the letter dated <u>12-6-95,</u> See Exhibit XXII(B), in which

**Prosecutor Parr** states she had "No idea which Juror called". Although in sentencing transcript she state **"He"**. The Prosecutor only need reference the trial transcript for his name.   See Exhibit XXIII(I).

The Defendant was further injured in being deprived his 5th Amendment Right to the United States Constitution, in that: the Prosecution violated Florida Rule of Criminal Procedure VI Discovery Rule 3.220: (b)(1)(4)(J) demand For Discovery was made by the Defense on February 03, 1995.   See Exhibit XI, XXIII(B), Page 69

**FURTHERMORE,** Defense Attorney **Nancy Russell, Esquire** subpoened the Lead Detective **Ed Rochelle**, on May 15, th, 1995 requesting all tapes.   See Exhibit XXIII(B) Pg. 66   detective **Rochelle** showed up at the Defense Attorney's Office located at 524 Eaton Street in Key West, Florida on May 22, 1995 without the tapes.   See Exhibit XXIII(B) Pg. 66.   Detective **Rochelle** delivered an incomplete set of tapes a week and a half before trial, excluding the 911 tape.   See Exhibit XXIII(B) Pg. 67   The day before trial at 5:00 p.m. Prosecutor **Parr** summoned **Mrs. Rossell,** Defense Attorney to the State Attorney's Office located at 302 Fleming Street in Key West, Florida to inform her that she was now in possession of the 911 tape that **Mrs. Rossell** had requested during demand for Discovery, Feb. 03, 1995, and on the subpoena of detective **Rochelle**.   See Exhibit XXIII(B), Pg 66.   **Brady v. U.S.,** 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215

Exculpatory information, material to a defendant's guilt or

punishment, which government knew about but failed to disclose to Defendant in time for trial. Defendant is denied due process if government suppresses such material. See Citation XV, XVII(A)(C) **Tarrant v. State of Florida** 4th Dist. –21 Fla L. Weekly D298 – **Id.** 299. If given adequate opportunity to review the tape, she may have obtained suppression of this evidence on Fifth Amendment Grounds. Defendant was denied the 5th and 14th Amendment of the United States Constituton. See Exhibit X

As an initial matter, we reject the State's contention that there has been no discovery violation because the Prosecutor had disclosed the existance of the tape to Tarrant's Counsel as soon as possible after it had been found, See Exhibit X, Pg. 298.

It is well settled that the State is charged with constructive knowledge and possession of evidence withheld by State agencies, including law enforcement officers. **Graham v. State**, 597 So.2d 782 (Fla. 1992) See Exhibit XXIX(A), X, Pg. 298.

**FURTHERMORE** this tape was alledged by the prosecution to be made by one of the victims, **Neil Rubbens**. Contrary to the Prosecutions claim, which went undisputed and unchallenged by the Prosecution, assessment of tape by **Mrs. Rossell** on page 462 of trial transcript: "He didn't make the tape, he didn't maintain custody of it, and he wasn't qualified to testify about the authenticity or accuracy of it". "I did not have any opportunity to question any of the other people

including law enforcement officers as far as the person identity and recollection on the other end of the phone line. See Exhibit XXIII, XII, XIII

Florida Evidence Code 401.4 Audio Tape Recording – specifies four pre-requsites for a tape to be admissable: **Parnell v. State of Florida**, 218 So.2d 535; 10 Criminal Law 444. In order for a tape recording to be admissable, State must show to Trial Court satisfaction that: **(1)** the recording device was operating properly. **(2)** it was operated in a proper manner. **(3)** The recording was accurate, **(4)** voices of the person speaking were identified. See Exhibit XII, XIII, II

Not one of these orders for an admissable recording was adhered to by the State.

The identity of the Defendent **is not** on the 911 tape. See Exhibit XXXIV

**FURTHERMORE,** there were (eighty) 80-pieces of evidence collected that was not tested by the State, that should have been. There were (forty-four) 44-photo's and negatives taken that were not entered into evidence, that should have been. See Exhibit XX.

**FURTHERMORE,** the Defendant has (two)  2-times made a request fort public records to the State Attorney's Office pursuant to Florida Statute Chapter 119. After the Assistant State Attorney received the third request, Asst. State Attorney **Sally Parr** sent a memo to Walton Correctional Institution requesting no further contact with her office. These requests concerned the tape transcript. This denies the Defendant,

-7-

**Jason Wilson**, access to the Court and public records. Violation of Florida Constitution Article I, section 21. Violation of the United States Constitution's 6th, and Due Process Clause of the 14th Amendment. See Exhibit XXXV. **Gomien v. State of Florida**, 172 So.2d 511; 6 Criminal Law (444), Strict judicial adherance to requirements necessary for authentication of mechanical sound recording, in addition to Judicial review of recording for elimination of prejudicial and irrelavant matter, will afford Defendant protection constitution guarantees, while making available highly useful and reliable scientific means of presenting evidence. See Exhibit I

This tape was highly prejudicial to the Defense in that: allowing unidentified voices, that the Defense was afforded no way to prepare for or suppress, be entered into open Court. See Exhibit XXVII(A)(B)(C).

**Richardson v. State**, 246 So.2d 771, 775 (Fla. 1971) "And most improtantly, what effect, if any, did it have upon the ability of the Defendant to properly prepare for trial." **Id.** See Exhibit V.

**Schopp v. State**, 653 So.2d 1016 (Fla. 1995), the Supreme Court explained:

> THE PURPOSE OF A RICHARDSON INQUIRY IS TO FERRET OUT PROCEDURAL, RATHER THAN SUBSTANTIVE, PREJUDICE. IN DECIDING WHETHER THIS TYPE OF PREJUDICE EXHISTS IN A GIVEN CASE, A TRIAL JUDGE MUST DECIDE WHETHER THE DISCOVERY VIOLATION PREVENTED THE DEFENDANT FROM PROPERLY PREPARING FOR TRIAL... THE SECOND ASPECT OF PROCEDURAL PREJUDICE CONCERNS THE PROPER SANCTION TO INVOKE FOR A DISCOVERY

**VIOLATION.** <u>See Exhibit III</u>

The Prosecutor and the (three) 3-Monroe County detectives conspired and violated the Defendant's 14th United States Constitution Amendment of Due Process. This is a violation of <u>Title 42 U.S.C.A. 1985</u> - Conspiracy to Interfere with Civil Rights, obstructiong Justice and depriving the Defendant of Rights and Priviledges provided to every American by the Constitituon of the United States. <u>See Exhibit XXVII(C), XXV(B)</u>.

The Defendant was denied a fair and impartial trial by Jury as demanded by the 6th Amendment to the Constitution to the United States. <u>See Exhibit XXVII(B)</u>.

**SIDE BAR** - by Black's Law Dictionary Sixth Edition refers to position at side of the Judge's bench where trial counsel and Judge discuss matters out of hearing of Jury. <u>It is important</u> that such confernces be recorded if they are to be considered on appeal. <u>See Exhibit XXIX(C)</u>

Reference sentencing transcript <u>Pg. 498-499</u> (a side bar discussion.) by **Ms. Parr**: (Prosecutor) "I don't think those cases are going to be able to go forward with. I have been in contact with the victims, and I don't think-- they are calling me regularly, they are not going to be found." note: **Ms. Parr** states "She is in contact, but they are not going to be found." How can it be that she is in regular contact, but can't be found? <u>Reference pg 499</u>. by **Mrs. Rossell**: "Yes, the first thing I would like to say is that this comment at side bar was clearly meant to influence your sentencing decision.

I don't know what it is based on. We have had absolutely no formal notices of any of these charges. And I don't know the truth of this. And this is really hearsay at this point." and I would ask that that not be part of the consideration of the length of sentence." <u>by the Court</u>: "<u>It probably won't</u>. Let me tell you how I was thinking so you understand for the record."

"Unless I am wrong, I don't see a lengthy prior record."

**Ms. Rossell**: "<u>There is nothing</u>".

Prosecutor **Parr** enters false evidence in an attempt to enhance sentencing. The Judge states "<u>It probably won't</u>".

by the Prosecutor's entry of false evidence, and the Trial Judge stating: "it probably won't" the Defendant is prejudiced at sentencing by the Judge considering claims made by the Prosecution that <u>were not</u> verified and/or had no factual basis for entry at sentencing. **U.S. v. Booth**, 994 F.2d 63 (2nd Cir. 1993) Due Process bars Prosecutor from making use of <u>false evidence</u> and conviction may not stand if such evidence has any reasonable likelihood of affecting judgment of Jury. <u>See Exhibit XVII.</u>

**FURTHERMORE**, the Prosecutor assumed the role of investigator in the ongoing telephone contact which she states concerns cases in other states. Ref. Pg. 498-99 Sentencing transcript. <u>See Exhibit XXIII(H)</u>

<u>**Moore v. Valder**</u>, CA DC, No. 93-5341, 9/22/95

CA-DC sorts prosecutor's alleged misconduct into "adjudicatory" and "investigate" categories. **Id.** pg 1013-58 CrL 1012-13 10-4-95.

It is rather a misuse of <u>investigative</u> techniques legitimately directed at exploring whether witnesses' testimony is truthful and complete and whether the government has acquired all incriminating evidence. It therefore relates to a typical <u>police function</u>, the <u>collection</u> of information to be used in a prosecution.

<u>**Buckley**</u>, 113 S.Ct. at 2618.   <u>See Exhibit XVI.</u>

According to Black's Law Dictionary, the prosecution has demonstrated what is known in Judicial terms as; <u>Fiction of Law</u>. Defination: An assumption or supposition of law that

something which is or may be false is true, or that a state of facts exists which have never really taken place. An assumption, for purposes of Justice, of a fact that does not or may not exist. See Exhibit XXIX(B)

See Exhibit XXIII(G) Page 475-76 Trial transcript (Sentencing) by The Court: "So you are saying, then, that if they felt that the intent could be formed later, that they could have or would have found him guilty, perhaps, of burglary while armed, rather than the lesser of trespass? Is that what you are saying"?

By Ms. Parr: "I think it's a possibility, Judge, but I am just ... I don't want to predict what might have happened in this trial." "I was merely presenting that to the Court as one example of that. Perhaps I should not have used this case." See Exhibit XXIX(B)

"But it is just one example of a myriad of times, really, when Jurors talk to me and tell me things that show clearly that they really didn't understand all of the Jury Instructions, and they came back with a lesser included offenses simply because they didn't understand what it was they had to find on the regular offense." See Exhibit XXIII(G). The Prosecutor admits the Jurors didn't understand what was needed to convict. See Exhibit XXII(A), XXVIII , U.S. v. Bagley, 105 S.Ct. 3375 (1985) Id. pg. 3389.

I begin from the fundamental premise, which hardly bears repeating, that "the purpose of a trial is as much the acquittal of an innocent person as it is the conviction of a guilty

one". **Application of Kapatos**, 208 F.Supp. 883, 888 (SDNY)
1962; see **Giles v. Maryland**, 386 U.S. 66, 98, (1967)(Fortas,
J., concuring in Judgment)  The State's obligation is not
to convict, but to see that, so far as possible, truth emerges.
When evidence that is favorable is known to exist, disclosure
only enhances the quest for truth; it takes no direct toll
on the inquiry.  See Exhibit XXVIII

The Prosecutor surpressed testimony given to her, ex
parte, by a Juror, stating that the Juror did not understand
the Jury Instructions on the regular offense, and simply
settled for a lesser charge included, only to grant the State
a conviction.  (Simply) See Exhibit XXVII(A).


Chapter 73 OBSTRUCTION OF JUSTICE 18 USC §1503 NOTE 15 –
Influencing jurors.

> It was a crime, under ACT
> Mar. 2, 1831 c.99 S2, 4 Stat. 488,
> to endeavor to influence a
> juror by conveying or imparting
> information to him, out of
> the jury box, for the purpose of
> affecting his conduct or judgment,
> or to endeavor to persuade him by
> arguments or appeals of any kind
> except those addressed to him by
> counsel in open court.

Charge to Grand Jury, D.C. or 1869, Fed. Cas. no. 18, –251.

See Exhibit XXXVI.


-13-

SORRENT PC

# EXHIBIT AND CITATION 96-10143
## LISTING FOR MEMORANDUM OF LAW

   I. **Gormien v. State**, Fla., 172 So.2d 511

  II. **Parnell v. State**, Fla., 218 So.2d 535

 III. **Schopp v. State**, 653 So.2d 1016 (Fla. 1995).

  IV. **Groneau v. State**, 201 So.2d 599 (4th DCA 1967)

   V. **Richardson v. State**, 246 So.2d 771, 775 (1971)

  VI. **Robinson v. State**, 263 So.2d 595 (Fla 3rd DCA 1972)

 VII. Florida Statute 27.181 (2) Written Oath of Prosecutor.

VIII. Florida Statute 918.12 Tampering with Juror.

  IX. Florida Statute 918.13 (1) Tampering wiht or Fabricating Physical Evidence.

   X. **Tarrant v. State of Fla.**, 21 Fla. L. Weekly D298-300 4th DCA.

  XI. Florida Rule of Crim. Pro. VI Discovery Rule 3.220 (b, 1) (4)(J)

 XII. Florida Evidence Code 1994 Edition - West 1 - Pg. 110 Relavancy 401.4 Audio Tape Recordings.

XIII. West Florida Digest Crim. Law 444 Admission of Tape, Four pre-requsites necessary.

 XIV. Florida Standard Jury Instructions - Murder 782.04, Aggravated Battery 784.045, Armed Tresspass 810.08, Burglary (with assault or battery) 810.02.

  XV. **Brady v. U.S.**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215

 XVI. **Buckley**, 113 S.Ct. at 2618

XVII. **U.S. v. Booth**, 994 F.2d 63 (2nd Cir. 1993)

XVIII. **U.S. v. Williams**, 998 F.2d 258 (5th Cir. 1993)

XIX. **Moore v. Valder CA-DC**, no. 93-5341, 9/22/95 Fd. 58 CrL 1012 10/4/95

XX. Evidence Lists

XXI. **Remmer v. U.S.**, 347 U.S. 227 1955. Id.   The Georgetown Law Journal (Criminal Procedure Project) Vol. 81, 1267 no. 4, April - May 1993 pg. 1323-4.

XXII. Florida Bar Investigation Letters dated: **(A)** November 22, 1995  **(B)** December 6, 1995

XXIII. Trial Transcripts Excerpts:

**(A).**  Pg. 46, 47 Jurors names

**(B).**  Pg. 66-70 Tape Discussion

**(C).**  Pg. 309-311 Lack of Testing

**(D).**  Pg. 380-392 Defense closing statement

**(E).**  Pg. 394 Specific intent instructions by Prosecutor

**(F).**  Pg. 462-63 Tape Discussion

**(G).**  Pg.  453-475-6  Prosecutor's  admission  that Jurors did not understand Jury Instructions.

**(H).**  Pg. 498-9 Sidebar Discussion.

**(I).**  Pg. 46-47 Jurors names.

XXIV. **(A).** 18 U.S.C. 241 Conspiracy.

**(B).** 18 U.S.C. 242 Deprivation of Rights under Color of Law.

**(C).** 18 U.S.C. 1503 et seq. Obstruction of Justice

**(D).** 18 U.S.C. 1621 Perjury.

XXV. **(A).** Title 42 USCA 1986 - Action for neglect to prevent.

**(B).** Title 42 USCA 1985 (2)(3) - Conspiracy to interfere with Civil Rights.

XXVI.    Florida Constitution Article V, section XVII Oath of Prosecutor.

XXVII.   United States Constituton.

            **(A)**. 5th Amendment

            **(B)**. 6th Amendment

            **(C)**. 14th Amendment

XXVIII.  **U.S. v. Bagley**, 105 S.ct. 3375 (1985) Id. pg. 3389 (Inclusive) Application of Kapatos, 208 F. Supp. 883, 888, (SDNY) 1962; **Giles v. Maryland**, 386 U.S. 66, 98 (1967)

XXIX.    Black's Law Dictionary

            **(A)** Constructive Knowledge

            **(B)** Fiction of Law

            **(C)** Sidebar

XXX.     Information for charges

XXXI.    Notice of Intent to Sue with Notary Certification

XXXII.   Economic Verification

XXXIII.  Affidavit for arrest warrant

XXXIV.   911 Narrative Communication

XXXV.    Prosecuror **Sally Parr's** letter to **Jason Wilson** (Denial of access to Public Records).

XXXVI.   Chapter 73 OBSTRUCTION OF JUSTICE 18 USC S1503 Note 15 - Influencing jurors.

Anita Vargas Clerk

U.S. District Court

Southern District Key West, Fl

Room 130

301 Simonton St.

Key West, Florida

Dec 5, 1996

RE: 42 Title 1983 Civil Rights Complaint

MAGISTRATE JUDGE
SORRENTINO

# 96-10143

Dear Ms. Vargas.

Thank you very much for your timely and dilligent Response Enclosed you will find (15) copies of the 1983 action complete with my typewritten Complaint and memorandum of law. also is the previous docket 96 cv-10044 Key West, June 13 1996 2:47pm, Order of Dismissel (without prejudice), Report Re Civil Rights Governed By Heck v Humprey, final order of D.C.A 3rd Miami done Oct. 23, 1996 Reverse and Remand and vacate sentence and conviction, and Nov 12, 1996 letter from Appellate Attorney Lewis J Campbell confirming issue of mandate.

I have also included a copy of my case # 96-10273-CA-18, which is a Replevin and Conversion claim for property illegally detained by Monroe County Sheriff's Dept. The claim is for approximately $2500.00. I offer this to the federal Court so you may file a lien for the $120.00 filing fee, on the action.

Thank you for your continued assistance.

Sincerely,
Jason Wilson AKA James
Dudley Wilson
546478 N-1148-L
Walton C. I.
P.O. Box 1386
Defuniak Springs, Florida
32435

MAGREF CHS

## U.S. District Court
## Southern District of Florida (Key West)

### CIVIL DOCKET FOR CASE #: 96-CV-10044

Wilson v. Parr, et al                                        Filed: 04/22/96
Assigned to: Judge Shelby Highsmith
Demand: $0,000                               Nature of Suit: 550
Lead Docket: None                            Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 42:1983 Prisoner Civil Rights


JASON WILSON
aka
James Dudley Wilson
    plaintiff


    v.


SALLY A. PARR
    defendant

RICHARD J. FOWLER, Judge
    defendant

FREDERICK A. DEFURIA
    defendant

KIRK C. ZUELCH
    defendant

ANITA CARSON
    defendant

NEIL RUBBENS
    defendant

RICHARD ROTH, Sheriff
    defendant

ED ROCHELLE
    defendant

Docket as of June 13, 1996 2:47 pm                    Page 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.  96-10044-CIV-HIGHSMITH
MAGISTRATE JUDGE SORRENTINO

JASON WILSON a/k/a
JAMES DUDLEY WILSON,

    Plaintiff,

v.

SALLY A. PARR, et al.,

    Defendants.



---

### ORDER OF DISMISSAL

For the reasons stated in the Report and Recommendation of the Magistrate Judge, and upon independent review of the file, it is hereby

ORDERED AND ADJUDGED as follows:

1.    This case is dismissed without prejudice;

2.    All pending motions not otherwise ruled upon are denied as moot.

DONE AND ORDERED at Miami, Florida this /6 day of September, 1996.

SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Charlene H. Sorrentino
       James Wilson a/k/a
       James Dudley Wilson, Pro Se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-10044-Civ-HIGHSMITH
MAGISTRATE JUDGE SORRENTINO

JASON WILSON a/k/a                    :
JAMES DUDLEY WILSON,
                                      :
        Plaintiff,
                                      :
v.                                                  REPORT RE
                                      :    CIVIL RIGHTS CLAIM GOVERNED
SALLY A. PARR, et al.,                        BY HECK V. HUMPHREY
                                      :
        Defendants.
_____

    This Case was filed as a civil rights complaint pursuant to 42
U.S.C. §1985, §1986, and multiple federal criminal statutes.   The
essence of the claim, however, would if proved undermine the
constitutionality of the plaintiff's criminal convictions for
attempted first degree murder and several other offenses entered
after jury trial in Monroe County Circuit Court in June of 1995.
He has sued Judges, prosecutors, a probation officer, the sheriff,
detectives, and his victims, alleging that they conspired against
him and obstructed justice.   He seeks compensatory and punitive
damages.

    Under prior law of this Circuit this Court was required to
first construe the case as a habeas corpus petition.   Prather v.
Norman, 901 F.2d 915 (11 Cir. 1990).

    It has been routine practice to first issue an order to show
cause.   If the response indicated that state remedies were

unexhausted, the civil rights claims were stayed for a reasonable period of time to permit exhaustion of state remedies as to the underlying habeas corpus claims. This procedure was followed to prevent expiration of the statute of limitations as to the civil rights claims.

The law has now changed with the landmark Supreme Court decision of <u>Heck v. Humphrey,</u> _____ U.S. _____, 114 S.Ct. 2364 (1994).

Under <u>Heck</u>, if a judgment in favor of a state prisoner seeking damages in a §1983 suit would necessarily imply the invalidity of his or her conviction or sentence, the complaint must be dismissed.

Although the plaintiff has invoked other civil rights statutes and federal criminal statutes to avoid the application of <u>Heck</u>, its rationale remains applicable to his case.

The civil rights claim for damages will not exist until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

<u>Heck</u> makes clear that this does not create an exhaustion requirement in civil rights. Indeed, it is of no importance in such a case that state remedies have been exhausted, unless the

2

conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

The statute of limitations does not create a difficulty because the Court held that the civil rights claim does not arise while state challenges are being pursued, analogizing to a claim for malicious prosecution, which arises only after criminal proceedings have concluded favorably to the plaintiff.

Pursuant to <u>Heck</u>, this case must now be dismissed, without prejudice, because judgment in the plaintiff's favor would necessarily imply the invalidity of the plaintiff's conviction or sentence.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: _June 26, 1996_

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jason Wilson a/k/a
      James Dudley Wilson, <u>Pro Se</u>
      DC#546478
      Walton Correctional Institution
      P. O. Box 1386
      DeFuniak Springs, FL 32433-1386

3

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

THIRD DISTRICT

JULY TERM, A.D. 1996

WEDNESDAY, OCTOBER 23, 1996


JAMES D. WILSON,                    **

      Appellant,                   **

    vs.                             ** CASE NO. 95-2576

THE STATE OF FLORIDA,               ** LOWER
                                       TRIBUNAL NO. 95-30001
      Appellee.                    **

                                    **


    Upon consideration, appellee's motion for rehearing and/or certification is hereby denied.  NESBITT, JORGENSON and GREEN, JJ., concur.


A True Copy

  ATTEST:

LOUIS J. SPALLONE

Clerk District Court of
Appeal, Third District

By

cc: Wanda Raiford                   Louis Campbell

/NB



LAW OFFICES OF THE

# PUBLIC DEFENDER

ELEVENTH JUDICIAL CIRCUIT OF FLORIDA

1320 N.W. 14ᵗʰ STREET

MIAMI, FLORIDA 33125

BENNETT H. BRUMMER
PUBLIC DEFENDER

(305) 545-1959

November 12, 1996

Mr. James Dudley Wilson
#546478
Walton Correctional Inst.
Post Office Box 1386
Defuniak Springs, Florida   32433

Re *WILSON v. STATE*
Appellate Court Case No. 95-2576

Dear Mr. Wilson:

The mandate issued today. I have notified Nancy Rossell. So far, the state has not filed any notice to invoke discretionary review in the supreme court. They have until November 22, 1996. As I previously explained, even if the state seeks discretionary review, the mandate must be followed, unless the supreme court grants a stay.

Sincerely,

Louis Campbell
Assistant Public Defender

LC:rep

IN THE COUNTY COURT OF THESIXTEENTH
JUDICIAL CIRCUIT IN AND FOR MONROE
COUNTY, FLORIDA

JASON WILSON

CASE NO.  96-10096-CC-19

-VS-

MONROE COUNTY SHERIFF'S DEPT AND
THE STATE OF FLORIDA

## CLERKS AFFIDAVIT

THIS CAUSE COMING BEFORE THE COURT REGARDING TRANSFER OF A CASE WHICH WAS INADVERTENTLY

FILED IN THE COUNTY COURT, MIDDLE KEYS DIVISION TO BE TRANSFERED TO   CIRCUIT COURT

  MIDDLE KEY DIVISION                                                                    .

I DO HEREBY CERTIFY THAT THE ABOVE INFORMATION IS CORRECT AS TO THE FILE IN THIS OFFICE.

WITNESS MY HAND AND OFFICAIL SEAL, ON THIS THE  8TH  DAY OF   NOVEMBER   , 1996   .

DANNY L. KOHLAGE
CLERK OF THE CIRCUIT COURT

BY:
  DEPUTY CLERK

CIRCUIT COURT CASE NUMBER 96-10273-CA-18

JUDGE RICHARD PAYNE

11/08/96
SENT TO KEY WEST FOR RECORDING